**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PROVIDENCE HOSPITAL OF NORTH | § | Case No. 20-34238 |
| HOUSTON LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| | § | |
| | § | |
| ALLISON D. BYMAN, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. Pro. No. _____ _____ |
| v. | § | |
| | § | |
| DOCTORS HOSPITAL 1997 LP D/B/A | § | |
| UNITED MEMORIAL MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Allison D. Byman, in her capacity as the Chapter 7 Trustee of the above-referenced case ("Plaintiff" or the "Trustee"), by and through the undersigned counsel, hereby files this Original Complaint (the "Complaint") against Defendant Doctors Hospital 1997 LP d/b/a United Memorial Medical Center ("Defendant" or "UMMC") for breach of contract and declaratory judgment, and would respectfully show the Court as follows:

### I.    INTRODUCTION

1.     This Adversary Proceeding is brought to obtain turnover of payments that UMMC owes to Debtor Providence Hospital of North Houston LLC ("Providence" or the "Debtor") under a Memorandum of Understanding (the "MOU") and Bill of Sale (the "Bill of Sale") (the MOU and Bill of Sale are collectively, the "Contracts") for UMMC to purchase the Debtor's hospital

1

and operations.  Under these Contracts, UMMC agreed to assume responsibility for the hospital operations and staff of the Debtor in exchange for an initial deposit of $1.5 million, which was to be paid in three equal installment payments, and payment of all debts and liabilities incurred by its operations on and after September 1, 2019.

2.      After the Debtor transferred its operations to UMMC, UMMC failed to make the final $500,000 installment payment for the $1.5 million deposit and failed to reimburse the Debtor for numerous operating expenses totaling $971,328.06.

3.      The Trustee seeks a judgment from this Court that finds (a) UMMC materially breached the Contracts, (b) UMMC is subject to all terms and conditions of the Contracts, and (c) pursuant to the Contracts, UMMC must make the final $500,000 installment payment for the $1.5 million deposit and reimburse the Debtor for unpaid operating expenses totaling $971,328.06.

4.      The Trustee further seeks an award of all attorneys' fees and costs incurred in enforcing the terms of the Contracts and obtaining turnover of the above-referenced damages pursuant to the terms of the Contracts and Section 38.001 of the Texas Civil Practices and Remedies Code.

## II.      JURISDICTION AND VENUE

5.      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 22, 2020 (the "Petition Date").

6.      The Debtor is the debtor in the above-captioned Chapter 7 proceeding *In re Providence Hospital of North Houston LLC*, Case No. 20-34238 (the "Case"), pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

7.      This Court has jurisdiction over the Case and this Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), & (O).

8.      Jurisdiction to grant the relief requested herein exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. §§ 105 and 542, and Fed. R. Bankr. P. 7001(1) and 7001(9).

9.      Venue of the Case and this Adversary Proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### III.      PARTIES

10.      Plaintiff Allison D. Byman was appointed as the Chapter 7 Trustee for the Debtor's estate in this Case on September 22, 2020.

11.      Defendant Doctors Hospital 1997 LP d/b/a United Memorial Medical Center is a limited partnership organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas.  UMMC may be served through its registered agent, Ravishanker Mallapuram, 510 W. Tidwell Road, Houston, Texas 77091.

### IV.      BACKGROUND

**A.      The Contracts.**

12.      The Debtor and UMMC entered into the MOU on August 16, 2019.  The MOU provided the terms for a proposed purchase agreement of the Debtor's assets and operations in a medical facility located at 16750 Red Oak Drive, Houston, TX 77090.

13.      The MOU states, in relevant part:

> UMMC shall deposit to Providence Hospital the amount of one million five hundred thousand dollars and zero cents ($1,500,000) ("The Deposit"). The parties agree that UMMC will maintain full management authority of Providence Hospital during the Pre-Closing Period. The Deposit shall be paid in three equal payments with the first payment due upon signing and the second payment due on or before the effective date of the Pre-Closing Period and the final payment within 30 days.

MOU at § 2.

3

14.     The MOU further provides, in relevant part:

> UMMC is liable for all operating expenses of the business, including but not limited to salaries, leases, loans, software, supply, insurance and all other expenses required for successful operation. UMMC shall execute a lease/sublease at all Locations where hospital operates. . . . UMMC will be responsible for all debts and liabilities incurred by its operations beginning September 1, 2019 during the Pre-Closing Period and will retain all accounts receivable and revenues earned for services provided during the Pre-Closing Period until the termination of this Agreement.

MOU at § 3.

15.     Lastly, the MOU provides, in relevant part:

> In the event that UMMC's breach of this Agreement leads to the termination of this Agreement, UMMC shall be liable for all direct and indirect damages flowing from UMMC's breach, including but not limited to consequential damages, lost profits, recovery for any diminution in the enterprise value of Providence Hospital, and all attorney's fees, expenses and costs necessary to enforce Providence Hospital's rights under this Agreement. Notwithstanding the foregoing, in the event UMMC breaches this Agreement, Providence Hospital shall have all remedies available at law and equity under the controlling law. UMMC shall have 10 days after it receives notice from Providence Hospital to cure the breach.

MOU at § 14.

16.     The Debtor and UMMC executed the Bill of Sale on September 1, 2019.  The Bill of Sale provides that "the MOU defines the purchase terms due to" the Debtor.  Bill of Sale at § 4.

17.     The effective date of the contractual obligations described in the MOU was September 1, 2019—the date the Bill of Sale was executed by the parties.  Accordingly, the first payment was due when the MOU was signed on August 16, 2019, the second payment was due on or before September 1, 2019, and the final payment was due on October 1, 2019.

18.     The Debtor received the first $500,000 installment on August 16, 2019.  For the second $500,000 installment, the Debtor directed UMMC to make that payment directly to its affiliate, 1960 Physicians Associates, for payroll costs to which UMMC complied.

**B.     The Operating Expenses.**

19.     The Debtor filed its voluntary Chapter 7 case on the Petition Date.  In the Debtor's Schedule A/B, it listed accounts receivable from UMMC as an asset in the amount of $1,053,538.00, and Debtor provided a breakdown of the accounts receivable under Exhibit A/B #11b.  *See* Dkt. No. 1 at 10.  The Debtor identified $553,536.02 that was due and owing from UMMC for reimbursement of various operating expenses and also scheduled the outstanding $500,000 final installment payment for the deposit under the MOU.  *See id.*

20.     On October 14, 2020, the Trustee sent UMMC informal discovery requests seeking evidence that UMMC had paid any portion of the $1,053,536.02 identified in the Debtor's schedules at Exhibit A/B #11b.

21.     On November 23, 2020, UMMC responded to the Trustee's requests and stated that it paid a total amount of $1,928,073.66 to the Debtor through 7 wire transfers and 1 check.

22.     The Trustee reviewed UMMC's responses, compared them against the Debtor's books and records, and discussed the UMMC receivables with the Debtor's accounting department. The payments detailed in UMMC's responses to the Trustee's discovery requests were for (i) the first $500,000 payment due under the MOU and (ii) payroll, employee benefits, rent, and other operating expenses that were UMMC's responsibility under the MOU.  Based on the Trustee's investigation, none of the receivables listed on Exhibit A/B #11b of the Debtor's schedules have been paid by UMMC.

23.     Further, the Trustee identified additional operating expenses beyond those identified in the Debtor's schedules that are the responsibility of UMMC under the MOU.

24.     On March 26, 2021, counsel for the Trustee sent a notice of default and demand for payment letter to UMMC in compliance with paragraph 14 of the MOU (the "Demand Letter").

5

The Demand Letter included a full accounting that detailed all of the outstanding operating expenses that UMMC owed to the Debtor as of the Petition Date, which totals $971,328.06.

**C.    UMMC Materially Breached the Contracts.**

25.    UMMC failed to cure the breaches identified above or respond to the Demand Letter within 10 days of its receipt of the Demand Letter or prior to the filing of this Adversary Proceeding.

26.    UMMC's failure to make the final $500,000 installment payment for the deposit to the Debtor by October 1, 2019 was a material breach of the Contracts.

27.    UMMC's failure to reimburse the Debtor for the $971,328.06 in operating expenses is also a material breach of the Contracts.

28.    Pursuant to paragraph 14 of the MOU, the Trustee is entitled to recover not only the amount due under the Contracts, but also court costs, attorneys' fees, interest, and other expenses resulting from UMMC's failure to cure its default within 10 days of the notice of default in the Demand Letter.

## V.    CAUSES OF ACTION

**A.    Count 1 – Breach of Contract**

29.    The Trustee incorporates by reference each of the allegations contained in Paragraphs 1 through 28, above as if fully set forth herein.

30.    The Debtor and UMMC entered into the Contracts, which were valid and enforceable contracts for the sale of the Debtor's assets and operations at its medical facility.

31.    The Debtor fully performed its obligations under the Contracts.  All conditions precedent have been performed or have occurred.

32.     UMMC breached its obligations under the Contracts by failing to comply with sections 2 and 3 of the MOU.  More specifically, UMMC's failure to make the final $500,000 installment payment for the deposit on or before October 1, 2019 and failure to reimburse the Debtor for $971,328.06 in operating expenses were material breaches of the Contracts.

33.     UMMC's breaches of the Contracts caused damages to the Debtor's estate in the amount of $1,471,328.06.

34.     In addition, the Trustee has had to engage the undersigned counsel to pursue payment of UMMC's obligations under the Contracts.  Pursuant to the Contracts and Section 38.001 of the Texas Civil Practices & Remedies Code, the Trustee is also entitled to an award of all reasonable and necessary attorneys' fees and costs incurred due to UMMC's breaches of the Contracts.

**B.     Count 2 – Declaratory Judgment**

35.     The Trustee incorporates by reference each of the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

37.     Upon information and belief, UMMC disputes whether it has materially breached the Contracts.

38.     Based on the foregoing, an actual controversy exists under 28 U.S.C. § 2201.

39.     The Trustee is therefore entitled to a declaratory judgment of the rights and other legal relations as between the Debtor's estate and UMMC.

40.     The Trustee seeks an Order of the Court declaring as follows:

a.     The Contracts required UMMC to pay the Debtor a total purchase price of $1,500,000 on or before October 1, 2019;

b.     The Contracts required UMMC to pay for all debts and liabilities incurred by its operations on and after September 1, 2019;

c.     UMMC materially breached the Contracts by failing to make the final $500,000 installment payment for the $1.5 million deposit under the MOU;

d.     UMMC materially breached the Contracts by failing to reimburse the Debtor for numerous operating expenses totaling $971,328.06;

e.     Pursuant to the Contracts, UMMC's breaches of the Contracts entitles the Trustee to recover "all attorney's fees, expenses and costs necessary to enforce Providence Hospital's rights" under the Contracts.

41.     A declaration as to the above-listed matters will put an end to the controversy. Accordingly, the controversy is ripe for determination.

## VI.     RELIEF REQUESTED

WHEREFORE, the Trustee respectfully requests:

i.     Entry of a judgment against UMMC on all claims, respectively, finding and declaring that:

(a)     UMMC materially breached the Contracts by failing to make the final $500,000 installment payment for the $1.5 million deposit under the MOU;

(b)      UMMC materially breached the Contracts by failing to reimburse the Debtor for numerous operating expenses totaling $971,328.06;

(c)      Pursuant to the Contracts, UMMC must make the final $500,000 installment payment for the $1.5 million deposit and reimburse the Debtor for unpaid operating expenses totaling $971,328.06; and

(d)      Pursuant to the Contracts, UMMC's breach of the Contracts entitles the Trustee to an award of "all attorney's fees, expenses and costs necessary to enforce Providence Hospital's rights" under the Contracts, and also pursuant to Texas Civil Practice & Remedies Code § 38.001;

ii.      An award of damages and order to turn over $1,471,328.06 to the Trustee, plus all reasonable and necessary attorneys' fees as permitted under the Contracts and applicable law; and

iii.     Such other relief as the Court may deem just and proper.

Dated: May 17, 2021

**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)


By: /s/ Jameson J. Watts
    Jameson J. Watts
    Texas Bar No. 24079552
    jameson.watts@huschblackwell.com
    Lynn H. Butler
    Texas Bar No. 03527350
    lynn.butler@huschblackwell.com

    -And-

**HUSCH BLACKWELL LLP**
600 Travis St., Suite 2350
Houston, Texas 77002
713-647-6800
713-647-6884 (fax)

Timothy A. Million
State Bar No. 24051055
tim.million@huschblackwell.com
Randall A. Rios
State Bar No. 16935865
randy.rios@huschblackwell.com

**COUNSEL FOR PLAINTIFF ALLISON D.
BYMAN, CHAPTER 7 TRUSTEE**